

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 6464 | **DATE** | 6/12/2002 |
| **CASE TITLE** | Raymond Sacachitti vs. Painewebber Group, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the same reasons, plaintiffs' purported federal claim in this action is dismissed with prejudice and their state law claims are dismissed without prejudice. This action is therefore dismissed in its entirety.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| ✓ | Notices mailed by judge's staff. | JUN 14 2002 date docketed |
| | Notified counsel by telephone. | |
| | Docketing to mail notices. | |
| ✓ | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | 6/12/2002 date mailed notice |
| SN courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials |

Document Number 28



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RAYMOND G. SCACHITTI, et al., )
)
Plaintiffs, )
)
v. ) No. 99 C 6464
)
PAINEWEBBER GROUP, INC., et al., )
) JUN 1 4 2002
Defendants. )

MEMORANDUM OPINION AND ORDER

Despite its 99 C number (reflecting its pendency for well over 2-1/2 years), this thus-whiskered putative class action and derivative action found its way to this Court's calendar via random assignment less than two months ago, without a single step having been taken during its extended existence in pursuit of the claims set out in the October 1, 1999 Amended Complaint. That delay was not the fault of plaintiffs, for the litigation had lain fallow for that time while the State of Illinois was making up its governmental mind whether or not to pursue the claims itself, as the law permitted. Because at last the State decided on a "no" answer, the three individual plaintiffs (none of whom has any personal stake in the matter other than as a taxpayer seeking to advance the general weal) are now seeking to proceed under Illinois court precedents that allow taxpayer derivative actions and two Illinois statutes conferring like authority, 740 ILCS 175/1 et seq. and 735 ILCS 5/20-101 et seq.

During the initial status hearing set by this Court (a

hearing that was intended to serve as an anticipated scheduling conference pursuant to Fed. R. Civ. P. 16(b)), defense counsel asserted that subject matter jurisdiction was lacking, citing for that purpose to the decision in <u>Rifkin v. Bear Stearns & Co.</u>, 248 F.3d 628 (2001)(indeed, counsel then handed up a LEXIS reprint of that opinion). By way of an attempted response, plaintiffs' counsel cited to <u>Illinois ex rel. Ryan v. Brown</u>, 227 F.3d 1042 (7th Cir. 2000), counsel also having armed himself with a LEXIS reprint of that opinion in advance. This Court then advised the parties that it would analyze those opinions to see what if any further proceedings may be required, and it has now done so.

Because federal courts are courts of limited jurisdiction, authorized to entertain only such types of actions as Article III permits and Congress has authorized, the first thing every federal judge should do is to explore the existence of federal jurisdiction--indeed to do so even if the parties have not raised the issue (<u>Wisconsin Knife Works v. National Metal Crafters</u>, 781 F.2d 1280, 1282 (7th Cir. 1986)). As more recently stated in <u>Cook v. Winfrey</u>, 141 F.3d 322, 325 (7th Cir. 1998):

> It is axiomatic that a federal court must assure itself that it possesses jurisdiction over the subject matter of an action before it can proceed to take any action respecting the merits of the action. "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" <u>Steel Co. v. Citizens for a Better Environment</u>, 118 S.Ct. 1003, 1012 (quoting <u>Mansfield C.& L.M.R. Co. v. Swan</u>, 111 U.S. 379, 382).

Here the task is a simple one. Both the three plaintiffs and their lawyer occupied the identical roles in <u>Rifkin</u> (counsel has shuffled only the order in which plaintiffs were named). In brief, <u>Rifkin</u>--a case on all fours with this one--held (1) that the question of standing is a matter of federal and not state law (that proposition had indeed been announced in <u>Ryan</u>, the case sought to be relied on by plaintiffs here), (2) that taxpayer status is insufficient to satisfy that requirement of Article III standing, so that no such standing exists for private taxpayer plaintiffs to maintain this type of action in this federal court, and (3) that both of those holdings are fully in sync with <u>Ryan</u>.

<u>Rifkin</u>, which might well have been written for this case, said in its final paragraph (248 F.3d at 634):

> The plaintiffs lack standing to bring their claim under the Investment Advisers Act in federal court. Because they lack standing to bring their federal claim, the district court had no authority to exercise supplemental jurisdiction over their remaining state law claims.

For the same reasons, plaintiffs' purported federal claim in this action is dismissed with prejudice and their state law claims are dismissed without prejudice. This action is therefore dismissed in its entirety.

_____
Milton I. Shadur
Senior United States District Judge

Date: June 12, 2002

3